**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MICHAEL A. GINDRAW,

*Defendant-Appellant.*

No. 02-4538

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Margaret B. Seymour, District Judge.
(CR-01-661)

Submitted: November 21, 2002

Decided: December 2, 2002

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Gindraw appeals his conviction and sentence imposed by the district court following his guilty plea to possession of marijuana with intent to distribute pursuant to 21 U.S.C. § 841(a)(1) (2000). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Additionally, Gindraw has filed a pro se supplemental brief and a motion for appointment of new counsel. Finding no reversible error, we affirm.

On appeal, Gindraw contends his Fed. R. Crim. P. 11 plea hearing was inadequate. In light of the district court's thorough plea colloquy, we find this argument to be without merit.

Gindraw also contends the district court erred in calculating his sentencing guidelines range. We find no error in the district court's calculations. Gindraw further contests the extent of the district court's downward departure and the choice of a sentence within the guidelines range. However, neither the extent of the district court's departure nor the district court's imposition of a sentence within a properly calculated range are reviewable by this court. *See United States v. Hill*, 70 F.3d 321, 324-25 (4th Cir. 1995); *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

Gindraw next contends the district court failed to address his objections to the presentencing report. A review of the record shows the district court did, in fact, resolve Gindraw's objections. Gindraw also contends he was detained too long prior to his arraignment. However, by pleading guilty, Gindraw has waived any claims with respect to antecedent non-jurisdictional defects. *See United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Gindraw's sentence and conviction. We deny Gindraw's motion for appointment of new counsel. This court requires that counsel inform his client, in writing, of his right to peti-

tion the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*